UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| HOLDT ANDREWS ) | Case Number |
| ) | |
| Plaintiff ) | |
| ) | CIVIL COMPLAINT |
| vs. ) | |
| ) | |
| DANBARR, VERDE & ASSOCIATES, ) | JURY TRIAL DEMANDED |
| LLC ) | |
| ) | |
| Defendant ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Holdt Andrews, by and through his undersigned counsel, Brent F. Vullings, Esquire complaining of Defendant and respectfully avers as follows:

### I.  INTRODUCTORY STATEMENT

1. Plaintiff, Holdt Andrews, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL") which

prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that Plaintiff resides here.

## III. PARTIES

4. Plaintiff, Holdt Andrews, is an adult natural person residing at 20 Pine Mountain Road, Stroudsburg, PA 18360. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Danbarr, Verde & Associates, LLC at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the Commonwealth of Pennsylvania, and has a principal place of business located at 11993 Magnolia Avenue, Suite R, Riverside, CA 92503.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.   FACTUAL ALLEGATIONS

7.   Between July 8, 2011 and July 12, 2011, Plaintiff's daughter received two calls to her home that were placed by agents of Defendant.

8.   Both of the aforementioned phone calls resulted in voicemails, the first of which was left by "Steven Wigand."

9.   On the voicemail, "Steven Wigand" stated, "Hello my name is Steven Wigand. I'm trying to reach Holdt Andrews in reference to a complaint that has been forwarded to my office. If you need to discuss possible pending action that's been filed on this complaint, you need to contact the issuing agent's legal department at 855-866-3328 and reference your case number. That number is '1045306-RJE.' This is a time sensitive legal matter."

10.   The second voicemail was left by "Mike Jones" who stated, "Hi, this is Mike Jones, I've left you several messages and I still have not heard back from you. If I don't hear back from you by tomorrow, there's no reason for your call back. There will be no need for your cooperation. Again, my phone number is 855-866-3328."

11.   Plaintiff answered a phone call on July 12, 2011 from an unfamiliar number and spoke with a man who identified himself as "Mr. Weis."

12.   "Mr. Weis" attempted to secure immediate payment from Plaintiff on an alleged outstanding debt, and threatened that Plaintiff would be served by the sheriff if he refused to make a payment.

13.   When Plaintiff asked where "Mr. Weis" was calling from, the call was immediately terminated.

14. Plaintiff researched the telephone number and discovered it was owned by Defendant.

15. Plaintiff then placed several phone calls to Defendant in an attempt to obtain an address where a request for debt validation could be sent, but Defendant's agents ended the phone call after Plaintiff's request during every call.

16. Upon information and belief, Defendant has routinely called Plaintiff dating back to early 2011 from unidentified, blocked and private phone numbers.

17. Plaintiff has received no written correspondence from Defendant regarding any outstanding debt.

18. Plaintiff disputes any alleged outstanding debt that Defendant may claims is owed.

19. Additionally, Defendant did not use the crutch of third party contact as a means of acquiring location information, but rather to coerce immediate payment of the alleged debt through intimidation and third party disclosure.

20. Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

21. Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

22. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

23. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

24. The above paragraphs are hereby incorporated herein by reference.

25. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

26. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

§ 1692b(1): Contact of Third Party: Failed to identify themselves, or failed to state that collector is confirming or correcting locating information

§ 1692b(2): Contact of Third Party: Stated that the consumer owes any debt

§ 1692b(3): Contact of Third Party: Contacted a person more than once, unless requested to do so

| | |
|---|---|
| § 1692c(b): | With anyone except consumer, consumer's attorney, or credit bureau concerning the debt |
| § 1692d: | Any conduct that natural consequence of which is to harass, oppress or abuse any person |
| § 1692d(2): | Profane language or other abusive language |
| § 1692d(6): | Placed telephone calls without disclosing his/her identity |
| § 1692e: | Any other false, deceptive or misleading representation or means in connection with the debt collection |
| § 1692e(2): | Character, amount or legal status of the alleged debt |
| § 1692e(5): | Threaten to take any action that cannot legally be taken or that is not intended to be taken |
| § 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| § 1692e(11): | Communication fail to contain the mini-Miranda warning |
| § 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| § 1692g: | Failure to send the consumer a 30-day validation notice within five days of the initial communication |

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Danbarr, Verde & Associates, LLC. for the following:

  a.  Actual damages;

  b.  Statutory damages pursuant to 15 U.S.C. §1692k;

  c.  Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

  d.  Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II
### VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
### (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

  27.  Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

  28.  The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

  29.  The alleged debt Defendant was attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

  30.  The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

  31.  The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

32.     Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

33.     As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

34.     By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in his favor and against Defendant, and Order the following relief:

a.   Actual damages;

b.   Treble damages;

c.   An award of reasonable attorneys fees and expenses and costs of court; and

d.   Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
### VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

35.     The foregoing paragraphs are incorporated herein by reference.

36.     Plaintiff and Defendant are "Persons" to 73 Pa. C.S § 201-2.

37.     The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

38. The action of Defendant, as aforesaid, constitutes unfair acts or practices under the UTPCPL, by way of the following, inter alia:

   a. Defendant misrepresented to Plaintiff the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

   b. Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

   c. Defendant failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

39. As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

40. By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in his favor and against Defendant, and Order the following relief:

   a. An Order declaring that Defendant violated the UTPCPL;

   b. Actual damages;

   c. Treble damages;

   d. An award of reasonable attorney's fees and expenses and cost of suit; and

   e. Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

WARREN & VULLINGS, LLP

Date: July 26, 2011

BY: */s/ Brent Vullings*
Brent F. Vullings, Esquire

Warren & Vullings, LLP
93 Old York Road, Suite 333
Jenkintown, PA 19046
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff